UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN BRAUSH,<br><br>             Plaintiff,<br><br>  -v-<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>             Defendant. | CASE NO.: 3:20-cv-01032<br><br>JUDGE:<br><br><u>COMPLAINT</u><br>JURY TRIAL DEMANDED |

Plaintiff, John Braush, for his Complaint against Midland Credit Management, Inc. ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. §§ 24-5-0.5 *et seq.* ("IDCSA"), as a result of Defendant's unlawful collection practices as described in this Complaint, *infra*.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Indiana.

PARTIES

4. Plaintiff, John Braush ("Braush"), is a natural adult person residing in Monterey, Indiana, which lies within the Northern District of Indiana.

5. Braush is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Braush is a "person" as that term is defined by § 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Midland Credit Management, Inc., is a Kansas corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. On its website and within its correspondences to consumers, Defendant identifies itself as a "debt collector," and has been a member of the Association of Credit and Collection Professionals since 1991.

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "supplier" as that term is defined by § 24-5-0.5-2(a)(3) of the IDCSA.

11. At all times relevant to this action, Defendant acted through its agents, employees, officers, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers.

FACTS SUPPORTING CAUSES OF ACTION

12. Several years ago, Braush fell behind on some of his credit obligations, including a consumer debt originally owed to *Capital One, N.A.* in connection with a *Polaris* credit account (the "Debt").

13. After falling into default on the *Capital One, N.A.* / *Polaris* credit account, the Debt was ultimately sold to *Midland Funding LLC* for collection by Defendant.

14. On or around November 18, 2020, Braush received a dunning correspondence from Defendant attempting to collect the Debt (the "Collection Letter"). A copy of the Collection Letter is attached to this Complaint as Exhibit A.

15. In the Collection Letter, Defendant identified itself to Braush as a "debt collection company" attempting to collect a "debt." *See* Exhibit A.

16. The Collection Letter stated, in relevant part:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid. If you make a payment on this debt we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so.

*See* Exhibit A.

17. As of November 18, 2020, the date Defendant sent the Collection letter to Braush, the Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations period.

18. The applicable statute of limitations for the Debt states, in relevant part:

> An action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues.

*See* I.C. § 34-11-2-9.

19. Defendant attempted to collect the Debt from Braush in the Collection Letter, including offering him a "discount" with two (2) separate options for resolving the Debt at a reduced sum of money. *See* Exhibit A.

20. The Collection Letter failed to clearly and unambiguously inform Braush that Defendant (or anyone else, including *Midland Funding LLC*) was legally barred from suing Braush to collect the Debt. *See* Exhibit A; *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th

Cir. 2017), *cert denied*, 138 S. Ct. 736 (2018); *Perea v. Portfolio Recovery Assocs., LLC*, 2020 WL 5763647 (N.D. Ill. Sept. 28, 2020).

21. The Collection Letter failed to clearly and unambiguously inform Braush that a partial payment or new promise to pay would restart the statute of limitations as to the full balance of the Debt under Indiana law. *See* Exhibit A; *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017), *cert denied*, 138 S. Ct. 736 (2018); *Perea v. Portfolio Recovery Assocs., LLC*, 2020 WL 5763647 (N.D. Ill. Sept. 28, 2020).

22. After a reasonable time to conduct discovery, Braush believes he can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

23. Plaintiff was confused and misled by the Collection Letter.

24. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him on time-barred debt(s) and ultimately cause unwarranted harm to his credit or otherwise harm him financially.

25. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use deceptive, misleading and unfair communications and/or means in its attempts to collect the Debt.

26. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

27. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

GROUNDS FOR RELIEF

COUNT I
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10) and f*

28. All prior paragraphs are incorporated into this count by reference.

29. The FDCPA states, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e, e(2)(A), e(5) and e(10).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f.

30. The Debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

31. Defendant violated §§ 1692e, e(2)(A), e(5), e(10) and f of the FDCPA by attempting to collect the Debt from Plaintiff via the Collection Letter using deceptive, misleading and unfair representations such as expiring discount offers without unambiguously informing Plaintiff of material information concerning the time-barred status of the Debt, namely, that: (i) he could no longer be sued by anyone seeking to enforce the Debt due to the expiration of the applicable statute of limitations; and (ii) if he made a partial payment towards the balance of the Debt, or a new promise to pay the Debt, he would revive the applicable statute of limitations under Indiana law and subject himself to a potential future lawsuit and court judgment in favor of Defendant (and/or *Midland Funding LLC*) for the full amount of the Debt.

32. The Collection Letter was patently ambiguous, deceptive, misleading and unfair as a matter of well-established Seventh Circuit FDCPA law. *See Perea v. Portfolio Recovery Assocs., LLC*, 2020 WL 5763647 (N.D. Ill. Sept. 28, 2020) (relying on *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017), *cert denied*, 138 S. Ct. 736 (2018)).

33. At all times relevant to this Complaint, Defendant knew that the applicable statute of limitations to collect the Debt had expired, yet failed to provide complete and/or accurate disclosure of same – and/or the legal implications of same – to Plaintiff.

34. As an experienced debt collection agency, Defendant knows that the statements it makes to consumers during the course of its debt collection communications are required to be true, complete and accurate, especially when Defendant is attempting to collect a time-barred debt.

35. Defendant had a legal obligation to accurately and unambiguously alert Plaintiff as to his rights with respect to the time-bared Debt, but skirted this obligation with deceptive and misleading representations, omissions and/or means.

36. As set forth in paragraphs 23 through 27, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

COUNT II
VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
*I.C. §§ 24-5-0.5-3(a) and (b)(20)*

37. All prior paragraphs are incorporated into this count by reference.

38. The IDCSA states, in relevant part:

> A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations. I.C. § 24-5-0.5-3(a).

> Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.). I.C. § 24-5-0.5-3(b)(20).
>
> A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000). I.C. § 24-5-0.5-4(a)(1)(2).

39. Defendant's collection activity in connection with the Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

40. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. §§ 24-5-0.5-3(a), by attempting to collect the Debt from Plaintiff via the Collection Letter using deceptive, misleading and unfair representations such as expiring discount offers without unambiguously informing Plaintiff of material information concerning the time-barred status of the Debt, namely, that: (i) he could no longer be sued by anyone seeking to enforce the Debt due to the expiration of the applicable statute of limitations; and (ii) if he made a partial payment towards the balance of the Debt, or a new promise to pay the Debt, he would revive the applicable statute of limitations under Indiana law and subject himself to a potential future lawsuit and court judgment in favor of Defendant (and/or *Midland Funding LLC*) for the full amount of the Debt.

41. Defendant intended that Plaintiff rely on its unlawful communications in order to procure immediate payment of the Debt and/or prevent Plaintiff from understanding and/or

exercising his legal rights.  As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

42. As set forth in paragraphs 23 through 27, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

43. Plaintiff is therefore entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, John Braush, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff additional damages, in an amount to be determined at trial, as provided under I.C. § 24-5-0.5-4(a)(1)(2);

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and/or I.C. § 24-5-0.5-4(a)(1)(2); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 16th day of December, 2020.         Respectfully Submitted,

   /s/ Geoff B. McCarrell
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Attorneys for Plaintiff, John Braush*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                                  */s/ Geoff B. McCarrell*
                                                  Geoff B. McCarrell #0086427
                                                  CONSUMER LAW PARTNERS, LLC